CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 04 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANICE DENICE MOTLEY,<br>    Petitioner | Civil Action No. 7:10cv00465 |
| v. | **MEMORANDUM OPINION** |
| WARDEN VA CORR. CTR. FOR WOMEN,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Janice Denice Motley, a Virginia inmate proceeding pro se, challenging her guilty plea and sentence in the Pittsylvania County Circuit Court for her third offense of driving under the influence of alcohol, refusal to take a blood or breath test, reckless driving, and intentional property damage. Motley, who did not appeal but who did file a state habeas petition, complains that the prosecutor engaged in misconduct and that her counsel provided ineffective assistance on three grounds, including one ground she did not present to the Supreme Court of Virginia. The Virginia Supreme Court found that Motley procedurally defaulted her prosecutorial misconduct claim under Slayton v. Parrigan, 305 S.E.2d 680 (1974) and that two ineffective assistance of counsel claims she raised in that court failed on their merits under Strickland v. Washington, 466 U.S. 668 (1984). This court finds that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. The court also finds that Motley procedurally defaulted the ineffective assistance of counsel claim because she failed to raise it in the state court. Therefore, the court dismisses Motley's petition.

I.

Motley pled guilty in the Pittsylvania County Circuit Court to driving under the influence of alcohol third offense, refusal to take a blood or breath test, reckless driving, and intentional

property damage. Before her guilty plea hearing, Motley gave answers that were recorded on a plea form acknowledging that she understood all the charges against her, that she had had ample opportunity to discuss any possible defenses she might have had, that she had decided to plead guilty, that she was entering her plea of guilty freely and voluntarily, that she was in fact guilty, that she understood that she was waiving her right to trial by jury as well as the other rights associated with a plea of not guilty, that no one had in any manner threatened her or forced her to enter the plea or promised her anything, and that all of her answers were true.

On April 30, 2009, the trial court conducted a plea colloquy before accepting Motley's plea. She reaffirmed that the answers she supplied were true and correct and she repeated those answers in response to questioning by the court. The court sentenced Motley to a total term of seven years incarceration, with four of those years suspended. Motley did not appeal. Instead, Motley filed a state habeas petition in the Supreme Court of Virginia alleging that the prosecutor engaged in misconduct and that counsel provided ineffective assistance on several grounds. The Supreme Court of Virginia dismissed Motley's habeas petition, finding that Motley procedurally defaulted the prosecutorial misconduct claim under Slayton and that her ineffective assistance of counsel claims failed on their merits under Strickland. Motley then filed the instant federal habeas petition raising the same claims she raised in her state habeas petition, as well as an additional ineffective assistance claim. The matter is currently before the court on the respondent's motion to dismiss.

## II.

Motley claims that the prosecution engaged in misconduct by failing to disclose evidence that was favorable to Motley. The Supreme Court of Virginia dismissed Motley's claim as procedurally defaulted under Slayton, because Motley could, but failed to, raise the claim at trial

2

and on direct appeal. This court finds that Slayton is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Motley offers nothing to excuse the default, the court dismisses her prosecutorial misconduct claim.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002). The Fourth Circuit has recognized Slayton as an independent and adequate procedural rule that renders the claim procedurally defaulted in this court. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir. 1994). However, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if she shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In this case, Motley offers nothing to excuse her procedural default. Accordingly, the court dismisses Motley's prosecutorial misconduct claim as procedurally defaulted.

# III.

Motley claims that counsel provided ineffective assistance in misadvising Motley as to the sentence she could expect to receive and in failing to object to testimony of an unsworn witness. The Supreme Court of Virginia adjudicated and rejected both of these claims, finding that they failed under both the "performance" and "prejudice" prongs of the two-part test established in Strickland. This court finds that the state court's adjudication of these claims was not based on an unreasonable determination of the facts and did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law.[1] Accordingly, the court dismisses Motley's claims.

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced her defense. Strickland, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney is acting reasonably. Id. at 688-89. To establish prejudice to her defense, a petitioner must demonstrate that but for her attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. A

---

[1] Motley's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

"reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id.

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by Strickland . . . ." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Id. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." Id.

Motley alleges that counsel was ineffective in misadvising her as to the sentence she could expect to receive. Specifically, she claims that counsel told her to plead guilty and that she would get only the mandatory 90-day sentence. In adjudicating this claim on habeas review, the Supreme Court of Virginia found that "[t]he record, including the transcript of the plea colloquy, demonstrates that [Motley] represented to the court that counsel did not make her any promises concerning her plea of guilty, that she understood she faced a mandatory minimum sentence of 90 days in jail and a maximum sentence of eight years, and that there was no plea agreement." Based on this finding, the state court determined that Motley's claim failed under Strickland. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted [plea colloquy]." United States v. Lemaster, 403

F.3d 216, 221 (4th Cir. 2005), (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74). Because Motley represented to the state court, under oath, that counsel did not make her any promises concerning her plea agreement, this court finds that the state court's adjudication of Motley's instant ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Accordingly, the court dismisses Motley's claim.

Motley also alleges that counsel was ineffective in failing to object to "testimony of an unsworn witness." Specifically, Motley is referring to an alleged conversation between the prosecutor and the bailiff which occurred after the prosecution and defense had both rested.[2] Motley argues that the conversation resulted in the judge sentencing her to a harsher sentence. In adjudicating this claim, the state court found that Motley's claim failed under Strickland because the record, including trial transcripts and affidavit of trial counsel, did not show that the alleged conversation occurred or that it was heard by the trial judge.[3] Rather, the court found, the record reflects that the trial court sentenced Motley on the basis of her convictions and history of drug and alcohol abuse. Based on the record before this court, the court finds no evidence that the conversation took place as Motley alleges.[4] But, more importantly, the court

---

[2] The alleged conversation apparently involved the prosecutor asking the bailiff about his son having arrested Motley and Motley's comments about his son and granddaughter at the time she was arrested.

[3] In addition, counsel's affidavit states that based on her observations nothing occurred during the proceeding which appeared to influence the Judge's sense of fairness in imposing the sentence.

[4] The court notes that Motley requests that the court subpoena the bailiff who was on duty that day in court and ask him to tell the court anything he remembers from that conversation; however, Motley has not demonstrated that evenwith an affidavit or testimony from the bailiff, she would be able to show that the court heard the conversation or that it prejudiced the outcome of her case. Therefore, the court denies her request.

finds that Motley has not demonstrated how this alleged conversation affected the outcome of her case. She was sentenced to a total active term of 3 years incarceration when the maximum was 8 years incarceration. Moreover, the decision whether to object is a tactical decision and counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. Accordingly, the court finds that the state court's adjudication of Motley's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Therefore, the court dismisses her claim.

## IV.

Motley also complains that counsel provided ineffective assistance in breaking Motley's confidence by telling the court about Motley's drug use and her needing to get away from her surroundings for a while "to better herself." The court finds that this claim is procedurally defaulted, and Motley has not demonstrated grounds to excuse her default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, the federal claim nevertheless must be "fairly presented" to the state court. Picard v. Conner, 404 U.S. 270, 278, 275 (1971) (internal quotation marks omitted); Baker, 220 F.3d at 289. Fair presentation mandates that the federal claim "be presented faceup and squarely . . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." Id. (internal quotation marks

omitted); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Thus, in state court, the petitioner is obligated to identify the federal constitutional right purportedly infringed, identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). In this case, Motley did not present this ineffective assistance of counsel claim to the Supreme Court of Virginia.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Motley were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find the claims are procedurally barred. See Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus). Consequently, Motley's claim is now simultaneously exhausted and procedurally barred from federal habeas review. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't. of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if she shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must

show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if she can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, nothing in the record would remotely support a claim of actual innocence and Motley offers nothing to excuse her procedural default. Accordingly, the court finds that this claim is barred from federal habeas review, and therefore, dismisses it.

V.

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Motley's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER:** This April 4, 2011.

United States District Judge